# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

STATE FARM FIRE AND
CASUALTY COMPANY;
and PATRICIA NEWMAN,

      Plaintiffs,

v.                                                                      Civ. No. 24-233 DHU/SCY

JONES STEPHENS
CORPORATION; and
COASTAL (NINGBO)
HARDWARE MFG CO., LTD.,

      Defendants.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

This matter comes before me following the Order to Show Cause regarding Plaintiffs'

failure to serve Defendant Coastal (Ningbo) Hardware. Doc. 38. As laid out in the Order to Show

Cause, Plaintiffs filed an amended complaint on June 26, 2024 adding Coastal (Ningbo)

Hardware as a defendant. Doc. 19. Since then, Plaintiffs have not served Coastal (Ningbo)

Hardware. Accordingly, under Rule 4(m), I directed Plaintiffs, by February 25, 2025, to either

effect service or provide the Court with a written explanation showing good cause why service

has not been made. Doc. 38. At Plaintiff State Farm's request (Doc. 39), I extended that deadline

to March 17, 2025 (Doc. 40). The March 17 deadline has now expired and Plaintiffs have neither

effected service nor filed a response to the Order to Show Cause. Accordingly, I recommend that

the Court dismiss without prejudice Defendant Coastal (Ningbo) Hardware for failure to serve.

*See* Fed. R. Civ. P. 4(m) ("If a defendant is not served within 90 days after the complaint is filed,

the court - on motion or on its own after notice to the plaintiff - must dismiss the action without

prejudice against that defendant or order that service be made within a specified time.").

Although Rule 4(m) calls for dismissal without prejudice for failure to serve, "a dismissal without prejudice can have the practical effect of a dismissal with prejudice if the statute of limitations has expired." *AdvantEdge Bus. Grp. v. Thomas E. Mestmaker & Assocs., Inc.*, 552 F.3d 1233, 1236 (10th Cir. 2009). Here, Plaintiffs allege the property damage at issue occurred on July 24, 2020, Doc. 19 ¶ 5b, and therefore the statute of limitations for their claims of strict tort liability, negligence, and breach of implied warranties likely expired in 2024 or earlier. *See* NMSA § 37-1-4 (four-year statute of limitations for injury to property); NMSA § 55-2-725(1) ("An action for breach of any contract for sale must be commenced within four years after the cause of action has accrued."). Thus, I will consider the *Ehrenhaus* factors and whether dismissal without prejudice (that is effectively dismissal with prejudice) is an appropriate sanction. *See Rodriguez v. Colorado*, 521 F. App'x 670, 671 (10th Cir. 2013) (reversing a dismissal without prejudice because, given the expiration of the statute of limitations, the district court should have given the plaintiff notice that it was effectively a dismissal with prejudice).

Before dismissing a case with prejudice, the court should consider the five *Ehrenhaus* factors: "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cnty. Just. Ctr.,* 492 F.3d 1158, 1162 (10th Cir. 2007) (internal citation omitted). In this case, the first two factors are related. That is, Plaintiffs' failure to serve Defendant Coastal (Ningbo) Hardware prejudices the other defendant, Jone Stephens, and interferes with the judicial process by halting any resolution of the case. The parties in the case have finished conducting discovery and declined to file any pretrial motions, meaning they are ready for a trial setting. *See* Doc. 15

(scheduling order deadlines). Yet, an unserved defendant, who has not participated in any discovery, remains in the case. The third and fourth factors are also related. I find Plaintiffs culpable because the Court has warned them at least twice of the deadline to serve Coastal (Ningbo) Hardware, including a warning that failure to serve will result in dismissal of this action against Coastal (Ningbo) Hardware. Docs. 32, 38.

Lastly, no lesser sanction would be effective. The Court has already ordered Plaintiffs to provide an explanation as to the failure to serve, Doc. 38, an order to which Plaintiffs failed to respond. As discussed above, I do recommend that the Court dismiss with Coastal (Ningbo) Hardware without prejudice, which is a lesser sanction than dismissal with prejudice. Nonetheless, given the potential expiration of the statute of limitations, such dismissal likely would be equivalent to dismissal with prejudice. Thus, despite the fact that I am recommending dismissal without prejudice, I nonetheless also recommend that the Court find that the *Ehrenhaus* factors support dismissal of Defendant Coastal (Ningbo) Hardware with prejudice.

_____
Steven C. Yarbrough
United States Magistrate Judge

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

3